William Moore was the owner of a horse, and sold the same by the following instrument of writing, viz: "Know all men by these presents, that I, William Moore of Cleaveland county, and State of North Carolina, do sell unto J. W. P. McFadden of the county and State aforesaid, one sorrel horse, for the sum of forty-five dollars and fifty-three cents, which horse I warrant the title good, free from any person or persons whatsoever, in witness whereof I set my hand and seal. This instrument to be void on condition that, I, William Moore, pay him, J. W. P. McFadden, the sum of forty-five dollars and fifty-three cents with lawful interest; but if not paid, to remain *Page 482 
J. W. P. McFadden's horse. In witness my hand and seal, this 24th March, 1854."
This instrument was not registered.
William Moore, the vendor, was examined as a witness for the plaintiff; he stated that at the time of the sale, he was indebted to the plaintiff in the sum of $45.53, in two or three promissory notes; that when the bargain was made with the plaintiff, these notes were surrendered to him, and it was agreed that witness might keep the horse to cultivate the crop, and until he called for it. He further stated, that he was indebted to the King's Mountain Iron Manufacturing Company.
The defendant produced in evidence, a judgment in favor of the above mentioned company, against Moore, dated in April, 1854, and an execution issuing thereupon, under which the horse in question was duly sold and bought by him.
In behalf of the defendant it was insisted, that the instrument set forth by the plaintiff, was, in law, a mortgage, and that not having been registered, it was void as to creditors. Of this opinion was his Honor, and he so expressed himself on the trial.
In submission to the opinion of the Court, the plaintiff took a non-suit and appealed.
In Ballew v. Sudderth, 10, Ire. Rep. 176, the case of Gaither v. Teague, 4 Ire. 165, is referred to with this remark, "the decision in that case, assumes that the property remained in the vendor," c., and an intimation is made that the decision opened a door for the evasion of the statute, to which the attention of the Legislature is called. In our case there is no ground whatever for the assumption that the property remained in the vendor; on the contrary, there is a formal bill of sale with warranty, by which the title passes to the vendee, subject to be divested upon the performance of a *Page 483 condition subsequent; so that it is, to all intents and purposes, a mortgage. There is no error.
PER CURIAM. Judgment affirmed.